IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

| | | |
|---|---|---|
| JOHNNY HUGHLEY | * | |
| Plaintiff, | * | |
| v. | * | 2:08-CV-112-MEF |
| | | (WO) |
| CITY OF MONTGOMERY, *et al*., | * | |
| Defendants. | * | |

_____

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff Johnny Hughley, an inmate incarcerated at the Montgomery City Jail, filed this 42 U.S.C. § 1983 action on February 19, 2008. He filed an amendment to the complaint on March 10, 2008. Hughley complains that he is being denied access to the courts and that the taxing of his commissary draw and telephone calls violates his right to due process. Warden Willie Collins and the City of Montgomery are the named defendants. Upon review of the complaint, the court concludes that dismissal of this case prior to service of process is proper under 28 U.S.C. § 1915(e)(2)(B)(ii).[1]

---

[1] A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

## I. DISCUSSION

*A. The Due Process Claim*

Hughley complains that Defendants are taxing certain privileges offered at the jail, namely, commissary purchases and local telephone calls, without first affording him due process. Hughley does not allege an inability to access privileges he desires to participate in at the jail, including the phone or the prison canteen, as a result of having to pay the fees and taxes associated with his decision to purchase these goods and services. Rather, Hughley seems to believe that his inmate status exempts him from having to pay the tax associated with various goods and services offered at the jail without jail officials first affording him notice and an opportunity to be heard.

Inmates have no constitutionally protected interest in purchasing goods available through the prison commissary let alone a constitutionally protected interest in not paying the tax associated with their desire to make such purchases without first being afforded due process. Similarly, Hughley has no constitutionally protected right to not pay all taxes and fees associated with his desire to use the telephone. *See Wolff v. McDonnell,* 418 U.S. 539, 556 (1974) ( "[T]he fact that prisoners retain rights under the Due Process Clause in no way implies that these rights are not subject to restrictions imposed by the nature of the regime to which they have been lawfully committed."). *Cf. Jensen v. Kleckler*, 648 F.2d 1179, 1183 (8th Cir. 1981) (holding that there was no basis for a due process claim where deduction from prisoner accounts for postage were "assessment[s] for value received" and plaintiffs did not contend that they did not receive the services for which they were charged). Accordingly,

2

the court concludes that the taxing of goods and services offered for sale or consumption at the city jail, without more, fails to state a violation of an inmate's federally protected constitutional rights. *See Neitzke v. Williams*, 490 U.S. 319, 234 (1989). Indeed, the claim is patently absurd.[2]

*B. The Access to Courts Claim*

Hughley complains that he is being denied access to the courts because he is not afforded adequate access to the jail's law library. He asserts that a defendant facing a lengthy prison sentence should have access to the law library to assist his counsel with preparation of his defense. (*Doc. No. 1 at 3*.) In his amended complaint, Hughley, further claims that he has been "actually injured" in several ongoing civil actions because Defendants have failed to provide him with either an adequate law library or adequate assistance from a person trained in the law. (*Doc. No. 7 at 2*.)

The law is well established that the fundamental constitutional right of access to the courts requires prison authorities to provide prisoners with adequate law libraries or adequate assistance from persons trained in law to prosecute both post-conviction proceedings and civil rights actions. *Bounds v. Smith*, 430 U.S. 817 (1977), *Younger v. Gilmore*, 404 U.S. 15 (1971). In *Lewis v. Casey*, 518 U.S. 343 (1996), the Supreme Court concluded, however, that actual injury is required to state a claim for denial of access to the courts. *Id*. at 351-52. Such injury will be shown when an inmate can "demonstrate that a non-frivolous

---

[2]Certainly, the court is unaware of any basis under which an inmate should be afforded greater protection under the Constitution from taxation associated with the voluntary consumption of goods and services than is afforded an ordinary free-world citizen.

legal claim has been frustrated or was being impeded." *Id*. at 353. The *Lewis* Court *disclaimed* any expansions of the right of access to the court which suggested "that the State must enable the prisoner to ***discover grievances***, and to ***litigate effectively*** once in court. . ." To demand the conferral of such sophisticated legal capabilities upon a mostly uneducated and indeed largely illiterate prison population is [not something] . . . the Constitution requires." *Id*. at 354. (emphasis in original).

The Court likewise rejected the argument that the mere claim of a systemic defect, without a showing of actual injury, presented a claim sufficient to confer standing. *Lewis*, 518 U.S. at 349. Moreover, *Lewis* emphasizes that a *Bounds* violation is related to the lack of an inmate's capability to present claims. *Id*. at 356. "*Bounds*, which as we have said guarantees no particular methodology but rather the conferral of a capability -- the capability of bringing contemplated challenges to sentences or conditions of confinement before the courts. When any inmate . . . shows that an actionable claim of this nature which he desired to bring has been lost or rejected, or that the presentation of such a claim is currently being prevented, because this capability of filing suit has not been provided, he demonstrates" the requisite actual injury. *Id.* Finally, the Court discerned that the injury requirement is satisfied only when an inmate has been denied "a reasonably adequate opportunity to file nonfrivolous legal claims challenging [his] convictions or conditions of confinement. . . . [I]t is that capability, rather than the capability of turning pages in a law library, that is the touchstone." *Id*. at 356-357. "[T]he Constitution does not require that prisoners ... be able to conduct generalized research, but only that they be able to present their grievances to the

4

courts - a more limited capability that can be produced by a much more limited degree of legal assistance." *Id*. at 360. The Court admonished that federal courts should allow prison officials to determine the best method of ensuring that inmates are provided a reasonably adequate opportunity to present their nonfrivolous claims of constitutional violations to the courts. *Id*. at 356. A federal district court must "'scrupulously respect[] the limits on [its] role,' by 'not ... thrust[ing] itself into prison administration' and instead permitting '[p]rison administrators [to] exercis[e] wide discretion within the bounds of constitutional requirements.' [*Bounds*, 430] U.S. at 832-833, 97 S.Ct. at 1500." *Id*. at 363.

Hughley, in his amended complaint, argues that Defendants have impeded and/or frustrated his ability to prosecute three separate civil actions pending in this court based on an alleged inability to find case law pertinent to those complaints. The court takes judicial notice of its own records, and in particular, those cases cited by Hughley, and finds no evidence that the challenged actions in any way improperly impeded or adversely affected Hughley's efforts to pursue nonfrivolous legal claims before this court.[3] Specifically, Hughley presents nothing to this court which demonstrates that the disposition of his civil

---

[3] On February 12, 2008 Hughley filed a petition for habeas corpus relief under 28 U.S.C. § 2241. *See Hughley v. Collins*, Civil Action No. 2:08-CV-101-WKW. That petition is currently pending review before this court. On February 12, 2008 Hughley filed another habeas corpus application under 28 U.S.C. § 2241. *See Hughley v. Collins*, 2:08-CV-102-MHT (M.D. Ala. 2008). That petition was dismissed on March 4, 2008 under the provisions of 28 U.S.C. § 2244(b)(3)(A) because Hughley failed to obtain the requisite order from the Eleventh Circuit Court of Appeals authorizing a federal district court to consider a successive habeas petition. On February 19, 2008 Hughley filed another habeas petition under 28 U.S.C. § 2241. *See Hughley v. Collins*, Civil Action No. 2:08-CV-116-WHA (M.D. Ala. 2008). That petition was dismissed on February 28, 2008 under the provisions of 28 U.S.C. § 2244(b)(3)(A) for Hughley's failure to obtain the requisite order from the Eleventh Circuit Court of Appeals authorizing a federal district court to consider a successive habeas petition.

actions in this court relates to any conduct of Defendants or his inability to adequately access the Montgomery City Jail's law library such that he experienced adverse consequences or an <u>actual</u> injury from the alleged deprivation as such is contemplated in *Lewis*. *Lewis*, 518 U.S. at 349. With regard to Hughley's contention that he should be able to assist defense counsel in trial preparations, the court finds that preparation for a criminal trial is the responsibility of Hughley's attorney regardless of any additional legal work in which Hughley wishes to engage. While Hughley may wish to take a more active role in his criminal proceedings, this is insufficient to demonstrate a lack of access to the courts. Because Hughley's allegations fail to articulate any "actual injury" accruing to him based on his contention that he has been denied access to the courts, his complaint, as amended, is due to be dismissed under the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii).

## II.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be DISMISSED with prejudice prior to service of process pursuant to the directives of 28 U.S.C. § 1915(e)(2)(B)(ii).

It is further

ORDERED that the parties shall file any objections to the Recommendation on or before **March 31, 2008**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit Court of Appeals handed down prior to the close of business on September 30, 1981.

Done this 18th day of March, 2008.

        /s/Charles S. Coody
CHARLES S. COODY
CHIEF UNITED STATES MAGISTRATE JUDGE